[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11262
Non-Argument Calendar

_____

Agency No. A098-714-838

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

DING HUI WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 17, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ding Hui Wang (Wang) petitions for review of the Board of Immigration

Appeals' (BIA's) decision denying his motion to reopen his removal proceedings.

Because we conclude that the BIA's decision was not arbitrary or capricious, we deny Wang's petition.

## I.

We review the BIA's decision not to reopen immigration proceedings for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). We will only find that the BIA has abused its discretion if its decision was arbitrary or capricious. *Id.*

In order to prevail on a motion to reopen, a petitioner must make a prima facie showing that he is entitled to relief. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The motion must be supported by affidavits or other evidentiary material, but the board is entitled to discount unauthenticated documents. 8 C.F.R. § 1003.2(c); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009).

## II.

Wang entered the United States without authorization on December 13, 2004. Shortly thereafter he was charged as removable. Wang conceded that he was removable, but filed an application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture (CAT) based on his opposition to China's family

planning policies. Wang's application for relief was ultimately denied by both the Immigration Judge and the BIA. After the BIA denied Wang's application, he filed a motion to reopen his removal proceedings based on new and previously unavailable evidence.

Wang's motion contended that he had begun practicing Falun Gong while in the United States and that his activities had been reported to Chinese officials who ordered him to cease his religious practices and return to China to be punished. In support of his motion Wang attached three affidavits and a notice that Wang claimed was the Village Council sent to his parents. He also submitted the State Department's 2007 Country Report for China.

The BIA denied Wang's motion because it concluded that Wang failed to make a prima facie showing that his new evidence entitled him to relief. The board reached this conclusion because the evidence Wang submitted in support of his motion was unauthenticated and thus failed to meet his evidentiary burden. *See* 8 C.F.R. § 1287.6 (setting out procedures for authentication of official foreign documents). The BIA noted that although it would be difficult for Wang to authenticate the notice from the Village Council by asking the same government officials who he contended were his persecutors to do so, he had failed to authenticate the notice in any matter. He also failed to provide any evidence

3

showing that affidavits from his relatives were genuine. The BIA further explained that even if the documents were authentic, they were not sufficient to warrant reopening Wang's immigration proceedings.

Wang has petitioned for review, and he argues that the BIA erred by finding his supporting foreign documents insufficiently reliable because they were unauthenticated. He also argues that the documents should have established a prima facie case that warranted reopening his removal proceedings.

We conclude that the BIA did not act arbitrarily or capriciously in denying Wang's motion to reopen. The BIA acknowledged that it was unlikely that his persecutors would authenticate the Village Council notice, and suggested that it would consider alternative methods of authentication. But Wang did not attempt to authenticate the notice any way.[1] Because the BIA was entitled to discount this unauthenticated foreign document, it did not abuse its discretion in denying Wang's motion to reopen.[2]

**PETITION DENIED.**

---

[1] Wang has not argued that the BIA erred by discounting the affidavits purportedly from his family and as such he has abandoned that argument. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Because the BIA was entitled to discount Wang's unauthenticated foreign documents, we need not decide whether Wang otherwise made out a prima facie case.